UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sara E. Green-Hamilton,                             Case No. 3:17-cv-02534

         Plaintiff

    v.                                                 MEMORANDUM OPINION
                                                       AND ORDER

DECA Health, Inc.,

         Defendant

### INTRODUCTION

Defendant Deca Health, Inc., seeks the dismissal of Plaintiff Sara Green-Hamilton's amended complaint pursuant to Civil Rule 12(c). (Doc. No. 15). Green-Hamilton opposes Deca Health's motion. (Doc. No. 19). Deca Health has filed a brief in reply. (Doc. No. 20). For the reasons stated below, I grant Deca Health's motion in part and deny it in part.

### BACKGROUND

Green-Hamilton began working for Deca Health in March of 2013. From the time she started working at Deca Health, Green-Hamilton suffered from significant medical conditions which required accommodations in her work area, including "a special stool with a back for support, both humidifier and dehumidifier units, and additional maintenance on the heating, ventilation, and air conditioning system to better control air quality," as well as occasional light-duty restrictions. (Doc. No. 12 at 2-3). These conditions also forced her to miss work to obtain treatment and, at times, required her to be hospitalized. (Id.). Green-Hamilton maintained a dialogue with individuals in Deca Health's human resources department and members of its management team regarding her

health and her related needs and limitations. Deca Health complied with her light-duty restrictions and requests for accommodation, and also provided Green-Hamilton with time off from work under the Family and Medical Leave Act ("FMLA") from September 2, 2016, until October 4, 2016. (Doc. No. 12 at 3).

On December 5, 2016, however, Green-Hamilton met with Dawn Placensia, the Human Resources manager, and Holly James, the head of nursing, and was informed that a treatment appointment she had scheduled the next day with Dr. Weiss, a physician employed by Deca Health, was going to be canceled, purportedly due to a conflict of interest. (Doc. No. 19-1 at 1). Green-Hamilton alleges she suffered an "extreme anxiety attack" as a result of the combination of the late notice of the cancellation and her known medical conditions. (Doc. No. 12 at 3). She states this led her to request FMLA paperwork, which she apparently also had requested on November 17 and November 18, 2016.

The next day, December 6, 2016, Plasencia met Green-Hamilton as she arrived at work and told her to leave. (Doc. No. 12 at 3). Green-Hamilton believed she had been fired, and went to the hospital to receive treatment for her medical conditions. (Id.). She subsequently filed suit and alleges causes of action for interference with her rights under the FMLA, breach of contract, interference with a contractual relationship, and invasion of privacy.

### STANDARD

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on a motion to dismiss, a court may consider public records as well as documents attached to the motion

to dismiss if those documents "are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

## DISCUSSION

As Deca Health notes, Green-Hamilton attached two affidavits to her memorandum in opposition to the motion to dismiss – one she provided and one sworn to by Jennifer Pistilli, who previously was the Human Resources Director for Deca Health. While she did not file these affidavits along with either her initial complaint or amended complaint, Green-Hamilton expressly cited both affidavits and relied on them in support of her allegations. (*See* Doc. No. 12 at 3-4). Therefore, these documents may be properly considered as part of the pleadings, and the Rule 12 standard still applies to Deca Health's motion. *Jackson*, 194 F.3d at 745-46.

### A. FMLA INTERFERENCE

Deca Health contends Green-Hamilton fails to state a claim for interference under the FMLA because she did not actually submit a request for FMLA leave that Deca Health denied, but instead only requested FMLA paperwork she never turned in. (Doc. No. 15 at 3-4). While it is true Green-Hamilton does not allege she submitted the paperwork she requested on November 17, November 18, or December 5, she does offer an explanation, at least for December 5 – she was fired. An employer interferes with its employee's rights in violation of the FMLA if the employer acts to prevent the employee from exercising those rights by firing the employee before the leave period could begin. *See, e.g., Adams v. Auto Rail Logistics, Inc.*, 504 F. App'x 453, 457 (6th Cir. 2012) (stating "defendants are not liable under the FMLA if they prove that the dismissal 'would have occurred regardless of the employee's request for or taking of FMLA leave'") (quoting *Arban v. West Pub. Corp.*, 345 F.3d 390, 401 (6th Cir. 2003)). The amended complaint alleges Placensia told Green-Hamilton to leave the premises and "not come back" one day after Green-Hamilton requested

FMLA paperwork.[1] (Doc. No. 12 at 3, Doc. No. 19-1 at 1). Green-Hamilton's allegation that her employment was terminated must be accepted as true, *Daily Servs., LLC*, 756 F.3d at 896, and that allegation states a claim for interference under the FMLA.

## B. BREACH OF CONTRACT / INTERFERENCE WITH CONTRACT

Though Green-Hamilton includes references to breach of contract in the amended complaint, she does not state a claim for breach of contract. She cannot bring a claim for breach of a doctor-patient contract between herself and Dr. Weiss against Deca Health (because Deca Health is not a party to that contract), and Dr. Weiss is not named as a defendant in this case. Further, any claim arising out of services performed within the doctor-patient relationship sounds in tort and not in contract. *Burnside v. Leimbach*, 594 N.E.2d 60, 62 (Ohio Ct. App. 1991). Additionally, Green-Hamilton does not allege any facts which might show she and Deca Health had agreed to alter the well-established default at-will employment relationship in Ohio, and therefore she does not state a claim for breach of an employment contract. *Hedrick v. Ctr. for Comprehensive Alcoholism Treatment*, 454 N.E.2d 1343, 1346 (Ohio Ct. App. 1982).

Nor does Green-Hamilton state a claim for interference with contract. To state a claim for intentional interference with a contract, a plaintiff "must prove (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages." *Kenty v. Transamerica Premium Ins. Co.*, 650 N.E.2d 863, 866 (Ohio 1995). While Ohio law establishes that the doctor-patient relationship is a contractual relationship, *Burnside*, 594 N.E.2d at 62 (citing *Bowers v. Santee*, 124 N.E. 238 (Ohio 1919)), Green-Hamilton fails to allege any facts which might establish a breach of that contract. She alleges only that Deca Health informed her that her previously-scheduled appointment with Dr. Weiss was being canceled, (Doc. No. 12 at 3), and concedes "Dr. Weiss never

---

[1] Deca Health concedes the Ohio Unemployment Commission's characterization of Green-Hamilton's separation from employment with Deca Health is not entitled to deference in this litigation. (Doc. No. 20 at 5).

terminated" his treating relationship with Green-Hamilton. (Doc. No. 19 at 4). Assuming without deciding that a patient's employer could be found liable for intentional interference with a contract between a doctor and a patient, the cancellation of a single appointment – an event which, it may be presumed, occurs during the course of nearly every doctor-patient relationship – simply does not amount to a breach.

### C. INVASION OF PRIVACY

Ohio recognizes four causes of action within the tort of invasion of privacy: (1) intrusion upon the plaintiff's seclusion or solitude, or into the plaintiff's private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity that places the plaintiff in a false light; and (4) appropriation of the plaintiff's name or likeness for the defendant's advantage. *Piro v. Franklin Twp.*, 656 N.E.2d 1035, 1044 (Ohio Ct. App. 1995). While Green-Hamilton offers argument implicating the first two types, she does not allege facts sufficient to state a claim under either theory.

To establish a claim for invasion of privacy based upon an intrusion into private affairs, Green-Hamilton "must show (1) the area intruded on was private and (2) the intrusion was unwarranted and would be offensive or objectionable to a reasonable person." *Somogye v. Toledo Clinic, Inc.*, No. 3:11-cv-496, 2012 WL 2191279, at *16 (N.D. Ohio, June 14, 2012) (citing *Miller v. Cincinnati Children's Hosp. Med. Ctr.,* No. C-050738, 2006 WL 2164674 (Ohio Ct. App. 2006)). In both *Somogye* and *Miller*, the court ruled the plaintiff could not prevail on a claim for intrusion into private affairs because both plaintiffs had discussed the details of the allegedly-private information with the individuals the plaintiffs claimed had invaded their privacy. *See Somogye*, 2012 WL 2191279 at *17 ("Plaintiff discussed the information regarding her family problems with others at work, making it no longer a private area for purposes of her invasion of privacy claim."); *Miller*, 2006 WL 2164674 at *2-3 (noting there was not "any evidence that [Miller] ever declined publicity or declined to discuss [her granddaughter's medical condition]). Similarly, Green-Hamilton alleges in the amended complaint that she told members of the human resources department and Deca Health's

management about her medical conditions and treatment, specifically stating "Defendant was aware of all of Plaintiff's medical conditions," and about requested accommodations and work-related restrictions. (Doc. No. 12 at 2-3).

It no doubt is true, as Green-Hamilton contends, that not everyone at Deca Health is permitted to see her medical records or to learn their contents simply because Green-Hamilton provided information about her health and medical conditions to certain individuals employed by Deca Health. She does not allege, however, that anyone other than the individuals to whom she provided the information actually saw or learned of the information. As a result, her allegations are not sufficient to state a plausible claim for intrusion upon her private affairs.

The second potentially-applicable cause of action – a claim of public disclosure of private facts – must include an allegation of "publicity." *Hamrick v. Wellman Prod. Grp.*, No. 03CA0146-M, 2004 WL 2243168, at *7 (Ohio Ct. App., Sept. 29, 2004). "'Publicity' requires a communication 'to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge[.]'" *Id.* (quoting *Killilea v. Sears, Roebuck & Co.*, 499 N.E.2d 1291, 1294 (Ohio Ct. App. 1985)). Green-Hamilton does not allege her medical records were communicated to the public at large or to anyone whom she had not already made aware of their contents. Therefore she fails to state a claim for public disclosure of private facts.

## Conclusion

For the reasons stated above, Deca Health's motion to dismiss is granted as to Green-Hamilton's breach of contract, interference with contract, and invasion of privacy claims, and denied as to Green-Hamilton's FMLA interference claim.

So Ordered.

                                               s/ Jeffrey J. Helmick
                                               United States District Judge